IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHAD RADOS,

    Plaintiff,

v.

GOLDBERG & PERETTI, LLC and DOES 1-10, inclusive,

    Defendants.

Civil Action No. 7:14-CV-163 (HL)

ORDER

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 16) against Defendant Goldberg & Peretti, LLC ("Goldberg"). Plaintiff asks the Court to enter a default judgment against Goldberg, and requests statutory damages in the amount of $1,000 pursuant to 15 U.S.C. § 1692k, the civil liability provision of the Fair Debt Collection Practices Act ("FDCPA").

An entry of default against a party causes all well-pleaded allegations of fact against that party to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370, n. 41 (11th Cir. 1987).

In his Motion for Default Judgment (Doc. 16), Plaintiff alleges that Goldberg's conduct violated 15 U.S.C. §§ 1692d–f. Accepting the facts alleged in Plaintiff's Complaint as true, the Court finds that Plaintiff has not stated a claim

upon which relief may be granted under Sections 1692d or 1692f.  Further, Plaintiff's argument that the facts alleged in the Complaint establish that Goldberg lacked the intent to take legal action, as required by Section 1692e of the FDCPA, is weak.  As a result, the Court is unwilling to award the maximum amount of statutory damages available under 15 U.S.C. § 1692k.  The Court finds that $100 per phone call made to Plaintiff's fiancée is a more appropriate measure of damages under the statute.

Pursuant to Plaintiff's Motion and the submissions in support, judgment is hereby entered against Defendant Goldberg & Peretti, LLC in the amount of $200 in statutory damages, pursuant to 15 U.S.C. § 1692k(a).

**SO ORDERED**, this the 15th day of September, 2015.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les